**Not for Publication**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL HOFFMAN,<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No.: 13-4557 (PGS)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter having come before the Court on the appeal Plaintiff, Michael Hoffman of the Commissioner of Social Security's final decision denying him continued disability insurance benefits; and the Court having reviewed the briefs and having heard oral argument on the matter on January 13, 2015.

The Administrative Law Judge ("ALJ") in this matter found that Plaintiff was disabled from October 20, 2006 through October 21, 2010, but after that date a "medical improvement occurred that is related to the ability to work." Where there is a medical improvement alleged, the ALJ must follow an additional eight step evaluation. (20 CFR 404.159) as the ALJ sets forth in his decision. (T. 49-50).

The ALJ conducted a fair and reasonable hearing but there are two issues which were not adequately explained in his decision. (T. 46-57).

First, the ALJ indicates that as of October 22, 2010 there was no longer any "evidence of nerve root compression or positive straight leg raising." (T. 53). The ALJ noted "Dr. Levine reported on June 24, 2010 that the claimant had negative straight leg raising, 5/5 strength in his lower extremity with largely improved leg and back pain." Despite that finding, the Court cannot comport that finding with Dr. Levine's September 30, 2010 report.

In his report, Dr. Levine discussed "several options regarding revision surgery for [Hoffman's] pain." Dr. Levine noted:

> We did discuss several options regarding revision surgery if his pain was severe that he wishes to go in that direction. None of the options are necessarily are with any great statistical chance of helping his current discomfort. We discussed removing hardware posteriorly to see if we remove the hardware posteriorly could help him. The down side of this is that we need to be somewhat concerned with destabilizing his spine particularly with the interbody device at the L3-4 level. We also discussed perhaps removing interbody device which certainly is technically challenging from either a posterior or anterior approach and revising the fusion. At this point Mr. Hoffman will hold onto his current situation and follow up with me in 6 months at   which time we will repeat x-rays. If prior to that time he wishes to engage more in surgical options he is welcome to call me and follow up. At this point he will continue his pain management with Dr. Roman.

A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially "when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. Pa. 1999) (quoting *Rocco v. Heckler*, 826 F.2d 1348, 1350 (3d Cir. 1987)); *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. Pa. 2000).  Dr. Levine notes that more surgery may be required, plaintiff must continue his pain management regiment, but also that "none of the options are necessarily with any great statistical chance of helping his current discomfort."   The ALJ must review this evidence and explain how this opinion of Plaintiff's treating physician is consistent with a showing of medical improvement.   The second issue concerns the vocational expert's opinion that Plaintiff could perform certain types of sedentary work such as "bench assembler", "inserter" and "surveillance system monitor."   (T. 79).   The ALJ's hypothetical question does not mention Dr. Levine's opinion concerning Plaintiff's ongoing pain, or Plaintiff's use of narcotics on an everyday basis. To the Court, this factor may impact the types and amount of substantial gainful work, if any, Plaintiff can reasonably qualify for and successfully perform.

ORDER

IT IS on this 4th day of February, 2015;

ORDERED that based on the above, the matter is remanded for further factual findings and conclusions of law consistent with this opinion.

_____
PETER G. SHERIDAN, U.S.D.J.